MARY ANN McNETT MASON (SBN 115089)
County Counsel
JASON W. MAUCK (SBN 255133)
Deputy County Counsel
COUNTY OF CONTRA COSTA
1025 Escobar Street, Third Floor
Martinez, California 94553
Telephone:   (925) 655-2280
Facsimile:    (925) 655-2266
Electronic Mail: jason.mauck@cc.cccounty.us

Attorneys for Defendant
COUNTY OF CONTRA COSTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON KUCHTA,<br><br>             Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK; COUNTY OF CONTRA COSTA; DOES 1 through 100,<br><br>             Defendants. | No. 3:22-cv-02198 JCS<br><br>DEFENDNT CONTRA COSTA COUNTY'S ANSWER TO COMPLAINT<br><br>Crtrm: F, 15th Floor<br>Judge:  Hon. Joseph C. Spero, Presiding<br>Date Action Filed:  December 8, 2021<br>Trial Date:    None Assigned |

   Defendant CONTRA COSTA COUNTY ("Defendant") answers Plaintiff's complaint for damages, filed in Contra Costa County Superior Court (Case No. C21-02550) on December 8, 2021, and removed to this Court on April 7, 2022, as follows:

   1.   Answering paragraph 1 of the complaint, Defendant admits the allegations in this paragraph.

   2.   Answering paragraph 2 of the complaint, Defendant lacks information or belief sufficient to admit or deny the factual allegations in this paragraph in that the allegation is not complete, and, on that basis, denies the allegations.

3. Answering paragraph 3 of the complaint, Defendant lacks information or belief sufficient to admit or deny the factual allegations in this paragraph and, on that basis, denies the allegations.

4. Answering paragraph 5[1] of the complaint, Defendant admits it is a public entity. Defendant lacks information or belief sufficient to admit or deny the remaining factual allegations in this paragraph and, on that basis, denies the allegations.

5. Answering paragraph 6 of the complaint, Defendant lacks information or belief sufficient to admit or deny the factual allegations in this paragraph and, on that basis, denies the allegations.

6. Answering paragraph 8 of the complaint, Defendant admits that jurisdiction is proper in this Court.

7. Answering paragraph 9 of the complaint, Defendant lacks information or belief sufficient to admit or deny the factual allegations in this paragraph and, on that basis, denies the allegations.

8. Answering paragraph 10 of the complaint, Defendant admits the allegations in this paragraph.

9. Answering paragraph 12 of the complaint, Defendant lacks information or belief sufficient to admit or deny the factual allegations in this paragraph and, on that basis, denies the allegations.

10. Answering paragraph 14 of the complaint, Defendant cannot respond to this paragraph as it is the prayer of the form complaint.

11. Answering paragraph 15 of the complaint, Defendant admits that plaintiff has alleged paragraph 5 on information and belief.

12. Answering paragraph GN-1 of the complaint, Defendant lacks information or belief sufficient to admit or deny the factual allegations concerning the location of the alleged

//

---

[1] Plaintiff did not select paragraph 4. Defendant responds to the paragraphs of the form complaint that have been selected by plaintiff.

negligence in this paragraph and, on that basis, denies the allegations.  Defendants deny all other allegations in this paragraph.

13. Answering paragraph Prem.L - 1 of the complaint, Defendant admits that plaintiff has alleged that defendants were the cause of her damages and that plaintiff's father died on November 5, 2020.  Defendant lacks information or belief sufficient to admit or deny the remaining factual allegations in this paragraph (as plaintiff has not described the allegedly dangerous condition or circumstances of injury) and, on that basis, denies the remaining allegations.

14. Answering paragraphs Prem.L – 2 & Prem.L - 3 of the complaint, Defendant lacks information or belief sufficient to admit or deny the factual allegations in this paragraph and, on that basis, denies the allegations.

15. Answering paragraph Prem.L – 4 of the complaint, Defendant denies the allegations of this paragraph.

16. Answering paragraph Prem.L – 5 of the complaint, Defendant lacks information or belief sufficient to admit or deny the factual allegations in this paragraph and, on that basis, denies the allegations.

**AFFIRMATIVE DEFENSES**

1. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that the Complaint, and each claim for relief therein, fails to allege sufficient facts to properly state a claim against Defendant.

2. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that each and every claim for relief is barred by the provisions of California Code of Civil Procedure sections 335.1, 340, 342, and every other limitations period applicable to each and every claim for relief alleged in the Complaint.

3. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that each and

every claim for relief is barred by plaintiff's failure to comply with the claim presentation and lawsuit filing requirements of California Government Claims Act, Government Code section 900, *et seq*.

4.      Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that in connection with acts alleged in the Complaint, actions were taken pursuant to mandatory duties imposed by law which were carried out with reasonable diligence, and for that reason Defendant is immune from liability, including pursuant to California Government Code section 815.6.

5.      Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Plaintiff failed to mitigate her damages, and the damages are reduced or eliminated in proportion to said failure to mitigate.

6.      Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Plaintiff failed to exhaust administrative remedies barring any claims.

7.      Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that the Complaint and claims for relief therein are barred by the failure of plaintiff to comply with statutory requirements and prerequisites to support the claims for relief alleged.

8.      Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that in the event that the trier of fact finds any liability on the part of this Defendant, which liability is herein denied, Defendant will seek the benefit of several liability for non-economic damages as provided in California Civil Code section 1431-1431.5.

9.      Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Plaintiff's action is barred by the equitable doctrines of laches, estoppel, and waiver, in that

1   Plaintiff unreasonably delayed in taking action and/or making the claims alleged in this
2   lawsuit with respect to the events alleged in the Complaint, even though they knew or should
3   have known in the exercise of reasonable diligence of the injuries and causes of injuries
4   alleged in the Complaint.

5   10.   Further answering the Complaint and the separate claims for relief therein, and
6   as a further, separate, and distinct affirmative defense thereto, Defendant asserts that at all
7   relevant times alleged in the Complaint, its employees acted reasonably and in good faith
8   under all the circumstances known, and not in violation of any clearly established right of
9   Plaintiff that a reasonable official employed by Defendant would have known, and they are
10  therefore inoculated from suit by qualified immunity.

11  11.   Further answering the Complaint and the separate claims for relief therein, and
12  as a further, separate, and distinct affirmative defense thereto, Defendant asserts that at all
13  relevant times and in connection with all the allegations against him in the Complaint,
14  Plaintiff acted unjustly and inequitably, and the action against this Defendant is barred by the
15  doctrine of unclean hands.

16  12.   Further answering the Complaint and the separate claims for relief therein, and
17  as a further, separate, and distinct affirmative defense thereto, Defendant asserts that its
18  employees are immune from liability and cannot be held liable for any injury that may have
19  been sustained by Plaintiff, and that Defendant's employees were, at all relevant times,
20  performing duties in an objectively reasonable manner and within lawful responsibilities, and
21  are therefore immune from suit.

22  13.   Further answering the Complaint and the separate claims for relief therein, and
23  as a further, separate, and distinct affirmative defense thereto, Defendant asserts that at all
24  times herein mentioned, all actions taken by Defendant's employees were reasonable under
25  the circumstances and taken under a good faith belief that the actions were lawful, and
26  Defendant's employees are therefore immune under the Good Faith Immunity Doctrine.
27  //
28  //

14. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that it is not liable for an award of prejudgment interest pursuant to California Civil Code section 3291.

15. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that the negligence of others, if any, was greater than the negligence of Defendant, or any of its employees, and the liability of Defendant should be diminished in direct proportion to the fault, if any, attributable to others as compared with that of any employee of Defendant.

16. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Plaintiff was contributorily negligent; that such contributory negligence was a proximate cause of Plaintiff's alleged damages, if any, which are therefore diminished in direct proportion to the fault attributable to Plaintiff as compared with that of any employee of Defendant.

17. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Plaintiff knew of the presence of the alleged defective condition of public property and voluntarily assumed the risks of any injuries and Defendant is exonerated under the doctrine of reasonable implied assumption of risk.

18. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that the claims of Plaintiff were caused wholly or in part by their own actions or omissions, and their action is, therefore, barred under the doctrine of primary assumption of risk.

19. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that it is immune from civil liability pursuant to the provisions of California Government Code sections 815 and 815.2.

20. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that

Defendant and its employees are immune from civil liability pursuant to the provisions of California Government Code sections 818.2 and 821 to the extent that the injuries alleged in the complaint were caused wholly or in part by the adoption of or failure to adopt an enactment and/or the enforcement of or failure to enforce an enactment.

21. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Defendant and its employees are immune from civil liability pursuant to the provisions of California Government Code sections 818.4 and 821.2 to the extent any alleged injury to Plaintiff was caused by the issuance, denial, suspension, or revocation of, or by the failure to refusal to issue, deny, suspend, revoke, any permit, license, certificate, approval, order, or similar authorization which said defendant was authorized to issue, deny, suspend, or revoke pursuant to any enactment.

22. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Defendant and its employees are immune from civil liability pursuant to the provisions of California Government Code Sections 818.6 and 821.4, to the extent the injuries alleged by Plaintiff were caused by a failure to make an inspection, or an inadequate or negligent inspection of any property other than the property (as defined in subdivision (c) of California Government Code section 830) of Defendant, for the purpose of determining whether the property complied with, or violated, any enactment or contained or constituted a hazard to health or safety.

23. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Defendant and its employees are immune from civil liability pursuant to the provisions of California Government Code sections 818.8 and 822.2 for any misrepresentation.

24. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that

//

1  Defendant and its employees are immune pursuant to California Government Code sections
2  820.2 and 815.2 for exercise of discretion.

3  25. Further answering the Complaint and the separate claims for relief therein, and
4  as a further, separate, and distinct affirmative defense thereto, Defendant asserts that
5  Defendant and its employees are immune from civil liability pursuant to the provisions of
6  California Government Code sections 815.2 and 820.4 to the extent that the injuries alleged in
7  the complaint were caused wholly or in part by the act or omission of a public employee in
8  executing or enforcing any law in the exercise of due care.

9  26. Further answering the Complaint and the separate claims for relief therein, and
10 as a further, separate, and distinct affirmative defense thereto, Defendant asserts that
11 Defendant and its employees are not liable to Plaintiff pursuant to the provisions of California
12 Government Code sections 820.8 and 815.2 in that the liability alleged against Defendant and
13 its employees is based on the acts and/or omissions of other persons.

14 27. Further answering the Complaint and the separate claims for relief therein, and
15 as a further, separate, and distinct affirmative defense thereto, Defendant asserts that
16 Defendant is immune from civil liability pursuant to the provisions of California Government
17 Code section 835, et seq., in that Defendant did not own, maintain, or control the subject
18 property.

19 28. Further answering the Complaint and the separate claims for relief therein, and
20 as a further, separate, and distinct affirmative defense thereto, Defendant asserts that
21 Defendant and its employees are immune from civil liability pursuant to the provisions of
22 California Government Code section 830.2 in that the alleged risk, if any, created by the
23 claimed dangerous condition was of a minor, trivial or insignificant nature in light of all the
24 circumstances when the property was being used with due care.

25 29. Further answering the Complaint and the separate claims for relief therein, and
26 as a further, separate, and distinct affirmative defense thereto, Defendant asserts that
27 Defendant and its employees are immune from civil liability pursuant to the provisions of
28 California Government Code section 830.4 to the extent any of Plaintiff's alleged harm was

caused wholly or in part by the failure to provide regulatory traffic control signals, stop signs, yield right-of-way signs, speed restriction signs, or distinctive roadway markings, as described by law.

30. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Defendant and its employees are immune from civil liability pursuant to the provisions of California Government Code section 830.6 to the extent any claimed injury was caused by a condition of public property that was the subject of an approved design or plan.

31. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Defendant and its employees are immune from civil liability pursuant to the provisions of Government Code section 835.4(a) in that the acts or omissions which created the alleged dangerous condition, if any, were reasonable.

32. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Defendant and its employees are immune from civil liability pursuant to the provisions of California Government Code section 831 to the extent the injuries alleged by Plaintiff were caused, wholly or in part, by the effect of weather conditions.

33. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Defendant and its employees are immune from civil liability pursuant to the provisions of California Government Code sections 835(b) and 835.2, in that Defendant did not have actual or constructive notice of the alleged dangerous condition.

34. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Defendant and its employees are immune from civil liability pursuant to the provisions of California Government Code section 835.4, subd. (b) in that the acts or omissions taken to warn of, or correct, the alleged dangerous condition, if any, were reasonable.

35. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Defendant and its employees are immune from civil liability pursuant to the provisions of California Government Code section 831.4 to the extent that the injuries alleged by Plaintiff herein were caused, wholly or in part, by the condition of an unpaved road providing access to a recreation area.

36. Further answering the Complaint and the separate claims for relief therein, and as a further, separate, and distinct affirmative defense thereto, Defendant asserts that Defendant and its employees are immune from liability pursuant to the provisions of sections 810 through 895.8 of the California Government Code.

WHEREFORE, Defendant Contra Costa County prays that the action against it be dismissed, and for an award of costs, reasonable litigation expenses, and attorneys' fees, and such other relief as justice demands and the law allows.

DATED: May 17, 2022                MARY ANN McNETT MASON
                                   COUNTY COUNSEL


                                   By:   /s/ Jason W. Mauck
                                         JASON W. MAUCK
                                         Deputy County Counsel
                                         Attorneys for Defendant
                                         COUNTY OF CONTRA COSTA