UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON KUCHTA,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION DBA AMTRAK, et al.,<br><br>Defendants. | Case No. 22-cv-02198-JCS<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 7 |

## I.   INTRODUCTION

In this wrongful death case, Plaintiff Madison Kuchta has named the National Railroad Passenger Corporation ("Amtrak") and the County of Contra Costa ("County" or "Contra Costa County") as defendants in connection with the tragic death of her father, Brian Kuchta. According to Plaintiff, Mr. Kuchta was killed when he attempted to retrieve his dog from the railroad tracks and was hit by an Amtrak train. The case was initially filed in the Superior Court for the County of Contra Costa ("Contra Costa Superior Court") on December 8, 2021. Notice of Removal, Ex. A. On April 7, 2022, after Amtrak had received a courtesy copy of the complaint requested by Amtrak – but before either defendant had been served – Amtrak removed the case to this Court under 28 U.S.C. § 1331 on the basis that Amtrak was incorporated by an Act of Congress, 45 U.S.C. § 501 *et seq.*, and the United States of America owns more than 50% of Amtrak's capital stock. *Id.* ¶ 3.

Presently before the Court is Plaintiff's motion to remand the case to state court ("Motion"). In her opening brief, Plaintiff argues that the removal was procedurally defective because all defendants did not consent to removal in the notice of removal. In her Reply brief, Plaintiff appears to abandon that argument, arguing instead that the removal was improper because

she has *never* actually formally served Amtrak.  The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the motion hearing set for August 26, 2022 at 9:30 a.m.  **The Case Management Conference set for the same date will be conducted at 2:00 p.m. instead of 9:30 a.m.**  For the reasons stated below, the Motion is DENIED.[1]

## II. ANALYSIS

### A. Legal Standards

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  In addition, where removal is based solely on diversity under 28 U.S.C. § 1332(a), the case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  This is referred to in the case law as the "forum-defendant rule." *See, e.g., Goodwin v. Reynolds*, 757 F.3d 1216, 1220 (11th Cir. 2014).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In addition, where the removal is procedurally defective, the party opposing removal may bring a motion to remand within 30 days after a notice of removal is filed.  *Id.*  The procedures for removal are set forth in 28 U.S.C. § 1446, which provides, as relevant here, as follows:

> (a) Generally.--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

2

>action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
>(2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
>(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
>(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
>
>. . .

28 U.S.C. § 1446(a).

### B. Whether Removal Was Procedurally Defective Because Contra Costa County Did Not Consent in the Notice of Removal

Plaintiff argues in the Motion that Amtrak's removal was defective because it removed the case before Contra Costa County was served with process and without the County's consent to the removal. Motion at ECF pp. 5-6. According to Plaintiff, such a removal constitutes a "snap" removal, which is a form of gamesmanship intended to thwart the plaintiff's choice of forum and therefore, is disfavored. *Id.* (citing *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014); *Oxendine v. Merck & Co.*, 236 F. Supp. 2d 517, 524 (D. Md. 2002)). The snap removal cases, however, are based on the forum-defendant rule, which applies only where removal is based solely on diversity jurisdiction. As the court in *Goodwin* explained, the rationale for the rule is as follows:

>The forum-defendant rule clearly contemplates Plaintiff's ability to defeat Defendants' purported right of removal in this case. . . . The only reason this case is in federal court is that the non-forum defendants accomplished a pre-service removal by exploiting, first, Plaintiff's courtesy in sending them copies of the complaint and, second, the state court's delay in processing Plaintiff's diligent request for service. Defendants would have us tie the district court's hands in the face of such gamesmanship on the part of Defendants. Moreover, their argument, if accepted, would turn the statute's "properly joined and served" language on its head.
>
>Congress added the "properly joined and served" language to the statute in 1948. *Sullivan v. Novartis Pharm. Corp.*, 575 F.Supp.2d

> 640, 644 (D.N.J.2008). The published legislative history apparently contains no explanation for this addition. *Id*. (describing a "thorough examination" thereof). Multiple courts, however, have interpreted it as an effort to prevent gamesmanship by plaintiffs. *See id*. at 643 (collecting cases). In the view of these courts, the purpose of the language is "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve." *Id*. at 645. We find this interpretation persuasive. Because the likely purpose of this language is to prevent gamesmanship by plaintiffs, moreover, we cannot believe that it constrains the district court's discretion under Rule 41(a)(2) to undo Defendants' gamesmanship in the circumstances at bar.

*Goodwin v. Reynolds*, 757 F.3d at 1221.

The forum-defendant rule, on its face, does not apply here because Amtrak's removal was not based on diversity jurisdiction. Likewise, the gamesmanship that comes into play where there is a "snap" removal has no relevance in this case because Amtrak would have been entitled to remove the case on the basis of original jurisdiction regardless of whether or not Contra Costa County had been served at the time of removal. *See Moore v. City of Merced*, No. 119 CV 01183 LJOSKO, 2019 WL 6467324, at *1 (E.D. Cal. Dec. 2, 2019). Indeed, Plaintiff does not dispute that federal courts have original jurisdiction over cases against Amtrak because the United States owns more than half of Amtrak's capital stock. Furthermore, it is well-established that while all defendants who have been properly served must join a notice of removal, *see Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1993 n.1 (9th Cir. 1988), those named as defendants but not yet served in the state court action need not join in the notice of removal. *Destfino v. Reiswig*, 630 F3d 952, 955 (9th Cir. 2011). Therefore, the Court rejects Plaintiff's argument that the case must be remanded to state court on the basis that Amtrak removed the case before Contra Costa County was served.[2]

### C. Whether the Removal Was Procedurally Defective Because Amtrak Has not Been Served

In her Reply, Plaintiff does not defend her reliance on the local defendant rule in the Motion but instead, makes a new argument. In particular, she contends the removal was improper

---

[2] There is no dispute that Plaintiff subsequently served Contra Costa County and that the County has consented to the removal by filing in answer in this court.

because Amtrak *never* been served in this case. There is no dispute that Plaintiff has not served Amtrak, *see* Opposition at 4 ("Amtrak has never been served."). Nonetheless, Plaintiff devotes a significant portion of her reply brief to arguing that service on Amtrak has not been effectuated, and provides two supporting declarations on that question. She goes on to point to a Louisiana case, *Moore v. City of New Orleans*, No. CIV. A. 99-3465, 1999 WL 1277528 (E.D. La. Dec. 22, 1999), in support of her assertion that because Amtrak has not been served, its removal is procedurally defective and remand is required. *Moore* does not support Plaintiff's position, however.

In *Moore*, the plaintiff brought civil rights claims against the City of New Orleans ("City") and four police officers in state court, filing the complaint on September 9, 1999. 1999 WL 1277528, at *1. The City removed the case to federal court on November 16, 1999, stating in the notice of removal that it had been served on September 22, 1999. *Id.* The court held that the defendant's removal was untimely because it occurred more than 30 days after the date on which defendant stated in the notice of removal it had been served. *Id*. The *Moore* court relied on *Murphy Brothers, Inc. v. Mitchetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999), in which "the Supreme Court determined that because 'service of process . . . is fundamental to any procedural imposition on a named defendant,' the thirty day period for filing a notice of removal commences only upon proper service of process." *Id.* (quoting 526 U.S. at 350). Although the defendant attempted to avoid remand by representing that it actually had not been served at all, the court declined to rely on that representation, which was not supported by any evidence and contradicted the defendant's statement in the notice of removal regarding service. *Id.* Rather, the court found, "[f]aced with conflicting statements from the City as to the status of service, . . . the City did not carry its burden to show that removal [was] proper." *Id.*

*Murphy Brothers* also addressed the timeliness of removal and in particular, whether the 30-day clock began to run under Section 1446(b) when the defendant was faxed a courtesy copy of the complaint (44 days before removal) or when formal service was accomplished (within 30 days of removal). *Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. at 348. The Court found that although Section 1446(b) requires that removal occur "within thirty days after the receipt by

5

the defendant, through service *or otherwise*, of a copy of the initial pleading[,]" the clock begins to run only when service has occurred, reasoning that "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.* at 350.

*Moore* and *Murphy Brothers* do not apply here. As numerous cases have held, a "complaint need only be filed to be removable." *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1214–15 (D. Haw. 2010) (citing 28 U.S.C. § 1441(a)) ("any civil action *brought* in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants.") (emphasis added by *Watanabe* court)). Further, in *Fontalvo ex rel. Fontalvo v. Sikorsky Aircraft Corp.*, No. 13-CV-0331-GPC-KSC, 2013 WL 3197071, at *9 (S.D. Cal. June 20, 2013), the court rejected a similar argument based on *Murphy* for reasons that also apply here. In that case, the plaintiff argued that the defendant's pre-service removal was improper because prior to receiving service of the state summons and complaint, the defendant "was not a proper party before any court with the authority to remove the present action." *Id.* at *9. The court rejected that argument, reasoning as follows:

> Plaintiff's reliance on *Murphy Brothers* is misplaced and the procedural facts support a finding that removal prior to receiving formal service of process was not improper. The Supreme Court in *Murphy Brothers* addressed whether a defendant could be "obligated" to remove an action prior to formal service, not whether a defendant is permitted to do so. *Regal Stone Ltd*. 881 F.Supp.2d at 1129 (citing *Murphy Brothers*, 526 U.S. at 353–354). The purpose of § 1446(b) "assures defendants adequate time to decide whether to remove an action to federal court." *Murphy Brothers*, 526 U.S. at 354. Moreover, removal is appropriate upon commencement of an action. A defendant seeking to remove a civil action from state court shall file in the district court where such action is pending. 28 U.S.C. § 1446(a). "In California, as in the federal courts, a suit is 'commenced' upon filing." *Bush v. Cheaptickets, Inc*., 425 F.3d 683, 686 (9th Cir.2005) (citing Cal.Civ.Proc.Code § 350).

2013 WL 3197071, at *9. The same reasoning applies here. Because Plaintiff brought this case in state court and named Amtrak as a defendant, Amtrak was entitled to remove the case under Section 1441(a) regardless of whether it had been served at the time of removal. The fact that Plaintiff still has not served Amtrak, while problematic for other reasons, does not make Amtrak's removal procedurally defective.

### III.  CONCLUSION

For the reasons stated above, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated:  August 24, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge